Mrs. Burnett BROWN, Petitioner,

v.

Dr. E.R. OWENS et al., Respondents.

No. C-2640.

Supreme Court of Texas.

June 20, 1984.

Rehearing Denied Sept. 19, 1984.

Russell T. Van Keuren and Rebecca Van Keuren, Houston, for petitioner.

John D. Roosa, Houston, and Larkin C. Eakin, Jr., Hempstead, Jim Mattox, Atty. Gen., Jack Sparks, Asst. Atty. Gen., Austin, for respondents.

KILGARLIN, Justice.

The principal issue to be determined by this court is whether section five of the Texas Tort Claims Act, Tex.Rev.Civ.Stat. Ann. art. 6252–19 (Vernon 1970), requiring cases under the Act to be filed in the county in which the cause of action or a part thereof arises, is jurisdictional.

Mrs. Brown filed a death action in Harris County against Dr. E.R. Owens, Waller County, Waller County Hospital, respondents herein, and Dr. W.J. Parker, Dr. S.C. Walker, and Prairie View A & M University. The cause was subsequently transferred to the District Court of Waller County, which severed the action against Prairie View A & M, and, upon motion, dismissed that action. That dismissal was upheld on appeal for failure to timely file the transcript. *Brown v. Prairie View A & M University*, 630 S.W.2d 405 (Tex.App.— Houston [14th Dist.] 1982, writ ref'd n.r.e.). Dr. Parker was dismissed by agreement, while Dr. Walker was dismissed for want of prosecution. After a hearing upon the motions for summary judgment and motions for dismissal filed by Dr. Owens, Waller County, and Waller County Hospital, this action was also dismissed. These latter dismissals were consolidated on appeal and affirmed by the court of appeals. *Brown v. Owens*, 663 S.W.2d 30. We affirm the judgment of the court of appeals as to Dr. Owens, but reverse the judgments as to Waller County and Waller County Hospital, sever, and remand to the trial court the severed cause.

Mark Anthony Brown, Mrs. Brown's son, was a student athlete at Prairie View A & M. He collapsed on the first day of football practice, August 19, 1976, and was taken to Waller County Hospital in Hempstead, Texas. He died the following morning of sickle cell crisis. Mrs. Brown filed suit in Harris County on July 29, 1977, alleging various acts of negligence. On October 4, 1978, the district court of Harris County, after hearing pleas to the jurisdiction and pleas of privilege, transferred the cause to Waller County. After the transfer, Dr. Owens, Waller County Hospital, and Waller County filed motions for summary judgment and motions to dismiss. These motions were, in part, based upon the running of the statute of limitations before the suit was commenced in Waller County. Mrs. Brown did not controvert the running of the statute of limitations allegation in her response to Dr. Owens' motion for summary judgment. She did, however, do so in her response to the motions of Waller County and Waller County Hospital, arguing that section five of the Texas Tort Claims Act was a venue provision and, therefore, her filing suit in Harris County was sufficient to toll the statute of limitations. The respondents' motions were granted and the cause against them dismissed.

Section five of the Texas Tort Claims Act provides: "All cases arising under the provisions of this act shall be instituted in the county in which the cause of action or a part thereof arises." Mrs. Brown contends this provision is not jurisdictional but merely provides for venue of such suits. She argues that since section five does not specifically identify the particular courts in which the suits should be filed, but permits them to be filed in courts throughout the state, it must be construed to be a venue provision. Waller County and Waller County Hospital argue that because ordinarily the state is immune from suit, it cannot be sued other than in the manner, courts, and places it has designated. They argue that since the statute is in derogation of the common law, it must be strictly construed and, therefore, the dismissal of the case was proper since it was not instituted in Waller County until after the statute of limitations had run.

Although statutes in derogation of the common law should be strictly con-

strued, this does not mean that the statute should be given the narrowest meaning to which it is susceptible. *Coastal States Gas Producing Co. v. Pate,* 158 Tex. 171, 309 S.W.2d 828 (1958). The fundamental rule governing the construction of a statute is to ascertain the intent of the legislature in enacting the statute. Once determined, it must be enforced by the courts even though it may not be entirely consistent with the strict letter of the statute. *State v. Terrell,* 588 S.W.2d 784 (Tex.1979); *State v. Dyer,* 145 Tex. 586, 200 S.W.2d 813 (1947). In determining whether the legislature's use of the word "shall" was intended to make section five jurisdictional, we must consider "the entire Act, its nature and object, and the consequences which follow from each construction." *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956). *See also Aviation Credit Corp. of New York v. University Aerial Service Corp.,* 59 S.W.2d 870 (Tex.Civ.App.—Eastland 1933, writ dism'd) (usury statute providing for institution of suits using the word "shall" held to be a venue rather than jurisdictional statute). "By 'the entire Act,' we mean the caption, the body of the Act and the emergency clause." *Anderson v. Penix,* 138 Tex. 596, 161 S.W.2d 455, 459 (1942).

The Texas Tort Claims Act was enacted to abolish governmental immunity in certain instances and to grant permission to all claimants to bring suit against the State of Texas for all claims arising under the Act. The caption of the Act clearly indicates the intention of the legislature to make section five a venue provision only. The caption states that the Act is "providing for venue in such suits." Texas Tort Claims Act, ch. 292, 1969 Tex.Gen. Laws 874. Section five is the only provision in the entire Act to which this phrase could be referring and nowhere in the caption is there a statement referring to jurisdiction. There is also support in the history of the Act for our conclusion that the legislature intended section five to be construed as a venue provision rather than as a jurisdictional provision.

The Act was first introduced in the legislature as H.B. 33 in 1953. Included in H.B. 33 were two provisions important to the issue before us. They stated:

§ 6. The District Courts of this State shall have original jurisdiction of all cases arising under this Act, regardless of the amount in controversy.

§ 7. All cases arising under the provisions of this Act shall be instituted in the county in which the tort is alleged to have occurred, or in the county in which the plaintiff resides.

Tex.H.B. 33, 53rd Leg. (1953). Section seven is clearly the forerunner to current section five. It is also obvious that section seven is a venue provision despite the use of the word "shall." The caption of the Act, referring to section seven, states that the legislature is "determining venue" for such suits. The legislature's inclusion of separate jurisdictional and venue provisions demonstrates that they did not plan for section seven to be construed to be jurisdictional. When the Act was again introduced in the legislature in 1957 as H.B. 141 and H.B. 460 (different bills by different representatives) and in 1959 as H.B. 77, these two provisions were again included, although the language in section seven was changed to delete "or in the county in which the plaintiff resides."

In 1969, the Act was again introduced in the legislature. But, in H.B. 117, section six of the 1953 bill was not included and the language in section five read as it does today. This does not mean, however, that the legislature intended that section five should be considered as jurisdictional. Indeed, in the bill analysis, the judiciary committee states that section five "sets where the cause *may* be instituted." [emphasis added]. House Judiciary Committee, Bill Analysis, Tex.H.B. 117, 61st Leg. 1969. Again we see an intent manifested by the legislature to make section five a venue provision. H.B. 117 was passed by both houses of the legislature but was vetoed by then Governor Preston Smith for reasons unrelated to our discussion.

Following the veto, the legislature attempted to address the concerns of the governor in its new version of the Act, H.B. 456. Although sections six and seven of the 1953 bill, the separate jurisdiction and venue provisions, were in the bill as first introduced in the House, the jurisdictional provision was deleted in committee, and the venue provision was changed to its present form. It is this version of the Texas Tort Claims Act which was enacted in 1969 and became effective on January 1, 1970.

As the history of the Act demonstrates, throughout the years the legislature has endeavored to keep what is today section five a provision providing only for the venue of suits instituted under the Act. Thus, although this suit should have been instituted in Waller County, Mrs. Brown's filing suit in Harris County was sufficient to toll the statute of limitations. The Harris County district court was not without jurisdiction to hear this case. Contrary to the contentions of Waller County and Waller County Hospital, this suit was instituted within the statute of limitations period and the summary judgment granted to them must be reversed.

This conclusion brings us to a second issue, whether the trial court correctly granted the summary judgment in favor of Dr. Owens. Dr. Owens, in his motion for summary judgment, argued in part that Mrs. Brown did not commence her action in Waller County against him until after the expiration of the statute of limitations. Mrs. Brown did not controvert this contention. Dr. Owens argues that Mrs. Brown may not now contend that her action is not barred by the statute of limitations. Dr. Owens is correct. Under Rule 166–A(c), Tex.R.Civ.P., "issues not expressly presented to the trial court by written motion, answer or other response, shall not be considered on appeal as grounds for reversal." As Mrs. Brown failed to present her argument of "venue not jurisdiction" to the trial court, she may not now raise it on appeal. *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903 (Tex.1982); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

Accordingly, we affirm the judgment of the courts below as to Dr. Owens, sever out his cause, and reverse the judgments as to Waller County and Waller County Hospital, and remand to the trial court for further proceedings as to them.