

## Office of the Attorney General
### State of Texas
November 3, 1993

DAN MORALES
ATTORNEY GENERAL

Honorable O.H. "Ike" Harris
Chair
Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-270

Re: Regarding the number of vacation days to which police officers and fire fighters are entitled in a city with a population of more than 30,000 (RQ-525)

Dear Senator Harris:

You have requested our opinion regarding the number of vacation days to which police officers and fire fighters are entitled in a city with a population of more than 30,000. Section 142.0013 of the Local Government Code provides:

> (a) A member of a fire or police department in a municipality with a population of more than 25,000 may not, except in an emergency, be required to be on duty more than six days in a week.

> (b) A member of a fire or police department in a municipality with a population of more than 30,000 is entitled to 15 vacation days each year with pay if the member has been regularly employed in the department or departments for at least one year. The municipal officials supervising the fire and police departments shall designate the days of the week during which a member of a fire department or police department is not required to be on duty and the days during which the member is allowed to be on vacation.

> (c) A fire fighter and a police officer shall be granted the same number of vacation days and holidays, or days in lieu of vacation days or holidays, granted to other municipal employees.

Specifically, you inquire about the possible conflict between subsections (b) and (c) in cities with a population of greater than 30,000.

It is axiomatic that all portions of a statute must be harmonized, if it is feasible to do so, and effect given to each. *Black v. American Bankers Insurance Co.*, 478 S.W.2d 434 (Tex. 1972); *Brown v. Owens*, 674 S.W.2d 748 (Tex. 1984). Subsections (b) and (c) of section 142.0013 may be harmonized by construing subsection (b) as an exception to the more general rule of subsection (c). Section 311.026 of the Government Code provides that, where "a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both." On the other hand, if there remains an irreconcilable conflict between the two provisions, "the special or local provision prevails as an exception to the general provision."

Construed in this light, subsection (b) applies only to those fire fighters and police officers who (1) are employed by a "municipality with a population of more than 30,000," and (2) have been "regularly employed" in their respective departments "for at least one year." Subsection (b) provides a *minimum* for those individuals: 15 vacation days each year with pay. If, however, a city's policy is to grant to its employees who have accrued at least 25 years service vacation in the amount of *20 days per year*, a fire fighter or police officer with 25 years service in that particular city would also be entitled to 20 vacation days. Likewise, a fire fighter or police officer with *less* than one year of service should receive whatever vacation time is awarded to all municipal employees with less than one year of service. Thus, a fire fighter or police officer in a city of more than 30,000 must be granted the maximum vacation time available under either subsection (b) or subsection (c), whichever is greater in his particular case.[1]

## S U M M A R Y

A fire fighter and a police officer in a city of greater than 30,000 is entitled to the number of vacation days granted under either subsection (b) or subsection (c) of section 142.0013 of the Local Government Code, whichever is greater.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Deputy Chief, Opinion Committee

---

[1]*City of Dallas v. Massingill*, 737 S.W.2d 334 (Tex. App.--Dallas 1987, writ denied) discusses the difference between "vacation days" and such creatures as "personal holidays," and "Kelly Days."