**Opinion issued November 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00837-CV

———————————

**BOSHENG WEN, Appellant**

**V.**

**KRISTOPHER AHN, Appellee**

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-23553**

## MEMORANDUM OPINION

Appellant, Bosheng Wen, sued appellee, Kristopher Ahn, for legal malpractice. Ahn moved for summary judgment on limitations grounds, and the trial court granted summary judgment, issuing a final order that Wen take nothing

by his claims. In his sole issue on appeal, Wen argues that the trial court erred in granting summary judgment.

We affirm.

**Background**

Wen is the owner of Wen's Royal Remodeling, Inc., a remodeling company that did some work remodeling a restaurant, DN Development Co. *d/b/a* Café 121 Chinese Restaurant. The relationship between Wen and the principals of DN Development deteriorated, culminating in an incident on July 14, 2008. Wen claimed that he was assaulted by DN Development's agents, and DN Development claimed that Wen unsuccessfully tried to remove property from DN Development's premises but that he left the property and never returned after one of DN Development's agents called the police. DN Development filed suit against Wen's Royal Remodeling, Inc., alleging breach of contract, and Wen counter-sued for assault ("the DN Development suit").

Ahn was the second attorney to defend Wen in the DN Development suit. Wen, acting through Ahn, tried the DN Development suit to a jury on April 20, 2010. On July 5, 2010, the trial court rendered judgment in favor of DN Development based on the jury's findings. Ahn continued to represent Wen until August 4, 2010, when the trial court granted an order substituting new counsel for Wen. Wen subsequently appealed the judgment in the DN Development suit

2

through his new counsel, and on December 6, 2011, the Fourteenth Court of Appeals issued a memorandum opinion affirming the trial court's judgment. *See Wen's Royal Remodeling, Inc. v. DN Dev. Corp.*, No. 14-10-00919-CV, 2011 WL 6042845, *1–2 (Tex. App.—Houston [14th Dist.] Dec. 6, 2011, no pet.). However, the record in this appeal does not contain any discussion of the appeal of the DN Development suit, nor does the record contain a copy of the opinion, judgment, or mandate from the DN Development appeal.

On April 19, 2013, Wen, representing himself *pro se*, filed his original petition against Ahn for legal malpractice arising out of the legal services Ahn provided in the DN Development suit. Wen alleged that Ahn failed to communicate with him and that Ahn used an unreasonable trial strategy, which resulted in Wen's suffering $200,000 in damages. Wen's pleadings did not address the statute of limitations or assert any tolling doctrines.

Ahn filed his original answer, arguing, in part, that Wen's legal malpractice claim was barred by the two-year statute of limitations for legal malpractice claims[1] because he had not represented Wen since August 4, 2010, almost three years prior to the date Wen filed his original petition. Ahn moved for traditional summary judgment, arguing that he was entitled to relief as a matter of law on the ground that Wen's malpractice claim was barred by the statute of limitations. He

---

[1]   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2014).

argued that all of Wen's allegations of malpractice arose out of services provided on or before the trial of the DN Development suit, which occurred on April 20, 2010; that the attorney-client relationship ended on August 4, 2010, when the trial court in the DN Development suit signed an order substituting new counsel for Wen; and that Wen filed his malpractice suit outside the two-year limitations period. Ahn further argued that Wen could not assert the discovery rule. He supported his motion with his own affidavit regarding his attorney's fees, Wen's original petition in the current malpractice suit, the final judgment in the DN Development suit, and the order granting substitution of counsel in the DN Development suit.

In response, Wen argued that Ahn was to blame for his loss in the DN Development suit, and he provided evidence supporting his factual allegations in that suit. However, Wen's response did not mention the appeal of the DN Development suit, assert the application of a tolling provision, or provide any argument addressing Ahn's affirmative defense of limitations. According to the record on appeal, Wen never argued to the trial court that his claim should not be barred by the statute of limitations, and he never asserted any tolling doctrines in the trial court.

The trial court granted Ahn's motion for summary judgment. It found that there was no genuine issue of material fact as to Ahn's affirmative defense of

4

statute of limitations and that Ahn was entitled to summary judgment as a matter of law because Wen's claims were barred by the statute of limitations set out in Civil Practice and Remedies Code section 16.003(a).

## Analysis

In his sole issue, Wen contends, for the first time on appeal, that the trial court erred in granting summary judgment because the tolling doctrine set out in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991), applies to his claim and should have precluded dismissal of his claim on limitations grounds.

### A. Standard of Review

We review de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional summary-judgment motion, the movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

A defendant moving for traditional summary judgment must either (1) conclusively negate at least one essential element of the plaintiff's cause of

5

action or (2) plead and conclusively establish each essential element of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). Specifically, a defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The defendant must conclusively prove when the cause of action accrued and negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of his injury. *Id.* If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*; *see also Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) (per curiam) (holding that if movant meets its burden, burden then shifts to nonmovant to raise genuine issue of material fact precluding summary judgment).

In Texas, there is a two year statute of limitations for a plaintiff to bring a legal malpractice claim against an attorney. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (Vernon Supp. 2014). Limitations generally begin to run when the cause of action accrues, which occurs when facts come into existence that

6

authorize a claimant to seek a judicial remedy. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)).

The supreme court has held that the statute of limitations is tolled when "an attorney commits malpractice in the prosecution or defense of a claim that results in litigation until all appeals on the underlying claim are exhausted." *Id.* at 121 (citing *Hughes*, 821 S.W.2d at 156–58). However, a plea in avoidance, like the discovery rule or the *Hughes* tolling doctrine, must be affirmatively pled or it is forfeited. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517–18 (Tex. 1988) (holding that discovery rule is plea in avoidance of statute of limitations and must be affirmatively pled); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto, & Friend, LLP*, 404 S.W.3d 75, 85 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that *Hughes* doctrine, like discovery rule, is plea in avoidance and, under *Woods*, must be affirmatively pled); *see also* TEX. R. CIV. P. 94 (requiring affirmative pleading of any matter "constituting an avoidance or affirmative defense").

Even if a plaintiff fails to affirmatively plead a tolling rule, he may still rely on such a rule to preclude summary judgment in some circumstances. *Haase*, 404 S.W.3d at 86. An unpleaded plea in avoidance, such as the *Hughes* tolling doctrine, may serve to preclude summary judgment "if it is raised in a summary

7

judgment response and if the opposing party fails to object to it in a reply or before the rendition of judgment." *Id.* (citing *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991)); *see also Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) ("When [plaintiff] asserted the discovery rule for the first time in its summary judgment response, [defendant] had two choices: it could object that the discovery rule had not been pleaded, or it could respond on the merits and try the issue by consent.").

However, issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). And it is a prerequisite to presenting a complaint for appellate review that the record show that the complaint was made to the trial court by a timely request or motion. TEX. R. APP. P. 33.1(a); *see also D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) (citing Rule of Civil Procedure 166a(c) and Rule of Appellate Procedure 33.1(a) and holding, "A non-movant must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived").

## B.    Analysis

Here, Ahn established that Wen's cause of action accrued at least by the date that the trial court in the DN Development suit signed the order substituting new

counsel on August 4, 2010, and Wen did not file his malpractice suit until April 19, 2013. Thus, Ahn established that Wen filed suit outside the two-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE §16.003(a); *Tolin*, 41 S.W.3d at 120. The burden shifted to Wen to raise a fact issue precluding summary judgment. *See KPMG Peat Marwick*, 988 S.W.2d at 748; *Centeq Realty, Inc.*, 899 S.W.2d at 197. Wen made no argument and presented no evidence in the trial court to preserve error. *See* TEX. R. CIV. P. 166a(c); *Nall*, 404 S.W.3d at 555 (holding that issue not presented to trial court shall not be considered on appeal as ground for reversal).

Wen now argues, for the first time on appeal, that the *Hughes* tolling doctrine applies to preclude summary judgment of his malpractice claim because the appeal of the judgment in the DN Development suit was not final until December 6, 2011, and his malpractice suit was filed within two years from that date. However, Wen failed to plead the *Hughes* tolling doctrine or any other tolling provision in his original petition in this case. He likewise failed to assert any tolling provision in his response to Ahn's motion for summary judgment on limitations grounds. He failed even to inform the trial court of the existence of the DN Development appeal or to provide a copy of that opinion or judgment. Because Wen never asserted the *Hughes* tolling doctrine in the trial court, either in his pleadings or in his response to Ahn's motion for summary judgment, that argument is forfeited. *See Haase*, 404 S.W.3d at 85–86 (holding that *Hughes*

9

tolling doctrine must be affirmatively pled or it is forfeited and that tolling doctrine may still serve to preclude summary judgment if it is raised in written summary judgment response).

Furthermore, Wen's argument that the *Hughes* tolling doctrine precludes summary judgment was never presented to the trial court expressly by written answer or other written response to Ahn's motion. Thus, it is waived and cannot be considered on appeal as grounds for reversal. *See* TEX. R. CIV. P. 166a(c); TEX. R. APP. P. 33.1(a); *D.R. Horton-Tex., Ltd.*, 300 S.W.3d at 743; *see also Brown v. Owens*, 674 S.W.2d 748, 751 (Tex. 1984) (holding that because appellant did not refute defendant's statute of limitations defense to trial court, appellant could not object to statute of limitations for first time on appeal).

We overrule Wen's sole issue.

## Conclusion

We affirm the trial court's judgment.


Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.