**Opinion issued December 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00493-CV

———————————

**JEFFERSON COUNTY, TEXAS, Appellant**

**V.**

**ELLARENE FARRIS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE HEIRS AND ESTATE OF JAMES FARRIS, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2005-09580**

---

## O P I N I O N*

After her husband died from mesothelioma, Mrs. Ellarene Farris sued

Jefferson County and 39 other defendants on negligence theories related to her

---

\* We withdraw our opinions and judgment dated August 31, 2018 and issue this substitute opinion.

husband's lifetime exposure to asbestos. Jefferson County brings this interlocutory appeal from the multidistrict litigation court's denial of its plea to the jurisdiction. On appeal, it argues that the court erred because Mrs. Farris failed to plead a cause of action under the Texas Tort Claims Act, was barred by the exclusive-remedy provision of the Texas Workers' Compensation Act, failed to exhaust her administrative remedies under the Texas Workers' Compensation Act, and failed to present her claim to the commissioners court before filing suit under section 89.004 of the Local Government Code. In addition, the County argues that the trial court erred by failing to dismiss the claims for exemplary damages, misuse of personal property, failure to create an asbestos-safety policy, and negligent implementation of policy.

The County raised an additional jurisdictional argument for the first time on appeal: its governmental immunity has not been waived because it did not receive notice of the claim against it within six months of the incident giving rise to the claim occurred, as required by the Tort Claims Act. Both Jefferson County and Mrs. Farris agree that the trial court lacks jurisdiction over any claim for exemplary damages from the County.

We reverse and render judgment dismissing the claim for exemplary damages, and we otherwise affirm the order of the trial court.

## Background

From 1969 to 1996, James Farris was an elected judge in Jefferson County with courtrooms in the Jefferson County Courthouse and Jefferson County Courthouse annex. From the late 1970s through the early 1980s, there were renovation and restoration projects in these areas that produced asbestos-containing dust. In addition, some of the materials that the County specified for those projects contained asbestos. Between 1989 and 1991, the County initiated an asbestos abatement project in the courthouse and courthouse annex. Judge Farris retired in 1996, and eight years later, doctors discovered cancer in his lungs. Judge Farris died less than two weeks after his cancer diagnosis. A pathology report later concluded that the biopsy findings were "most consistent with a malignant mesothelioma."

Judge Farris's widow, Ellarene Farris, filed suit against 39 asbestos-related companies alleging that her husband had been exposed to asbestos at the courthouse, particularly during renovations in the 1970s and 1980s. In 2006, she added Jefferson County as a defendant. The case was transferred to the Multidistrict Litigation Docket (MDL).

Eight years later, the County filed a plea to the jurisdiction arguing that Mrs. Farris had failed to plead or adduce any factual basis to justify a waiver of governmental immunity based on premises liability. The County argued that Mrs.

Farris alleged a claim for negligence but did not mention the gross-negligence standard that is the duty owed by an owner to a licensee. The County also argued that its immunity was not waived as a matter of law for claims arising from conditions that predated the 1970 enactment of the Texas Tort Claims Act. Before the court ruled on the plea to the jurisdiction, Mrs. Farris filed her fourth amended petition, specifically pleading that the County's immunity was waived based on premises liability because the County owed Judge Farris the duty that a private person owes to a licensee on private property and failed to satisfy that duty. In October 2016, the trial court partially granted the plea to the jurisdiction as to any claims based on acts or omissions that occurred before January 1, 1970. The court denied the remainder of the plea. The County did not appeal the trial court's ruling. *See* TEX. R. APP. P. 26.1(b).

Four months later, Jefferson County filed an amended plea to the jurisdiction and an amended motion for traditional and no-evidence summary judgment. The County argued for the first time that the Local Government Code required Mrs. Farris to present her claim to the Commissioners Court before filing suit, *see* TEX. LOC. GOV'T CODE § 89.004 ("Presentation of Claim"), and because statutory prerequisites to suit are jurisdictional under the Government Code, the court lacked jurisdiction. *See* TEX. GOV'T CODE § 311.034 ("Waiver of Sovereign Immunity"). The County also argued that the exclusive-remedy provision of the Workers'

4

Compensation Act was jurisdictional based on the rule that failure to exhaust administrative remedies deprives a court of jurisdiction. The County also argued that claims for punitive damages must be dismissed because the Texas Tort Claims Act did not waive immunity for punitive damages.

In addition, the County again argued that Mrs. Farris had failed to plead a premises liability claim that would fall within the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2). Finally, the County filed a supplement to its amended plea to the jurisdiction, attaching additional evidence that was relevant primarily to the workers' compensation argument.

The trial court denied the request to reconsider its denial of Jefferson County's prior plea to the jurisdiction. At the hearing, the trial court explained that that the Tort Claims Act did not apply to a claim based on an act or omission that occurred before January 1, 1970, but that it had jurisdiction over premises liability claims for acts or omissions occurring after January 1, 1970. *See* TEX. CIV. PRAC. & REM. CODE § 101.061 ("Tort Committed Before January 1, 1970"); *id.* § 101.021 ("Governmental Liability"). The court also denied the plea to the jurisdiction based on the exclusive-remedy provision of workers' compensation, the presentation requirement found in section 89.004 of the Local Government

5

Code, and the assertion that there was no evidence to support a premises liability claim.[1]

Jefferson County filed a timely notice of interlocutory appeal.

**Analysis**

The County's interlocutory appeal is based on jurisdictional challenges. For the first time on appeal, the County contends that its governmental immunity has not been waived and the trial court lacks subject-matter jurisdiction over the claim because the County did not receive notice of the claim against it within six months of "the day that the incident giving rise to the claim occurred," as required by the Texas Tort Claims Act (TTCA). TEX. CIV. PRAC. & REM. CODE § 101.101(a). The remaining jurisdictional arguments were presented to and rejected by the trial court. The County contends that (1) the exclusive-remedy provision of the Workers' Compensation Act barred Mrs. Farris's claim as a matter of law, (2) section 89.004 of the Local Government Code was a statutory prerequisite to suit and the failure to comply was jurisdictional, (3) Mrs. Farris failed to plead facts or evidence to establish each element of a premises liability claim under the TTCA, (4) the claim for punitive damages is barred by the TTCA, (5) Mrs. Farris failed to plead a claim for use or misuse of tangible personal property, (6) the claim for failure to create an asbestos-safety policy is not permitted under the

---

[1] The trial court also denied the motions for summary judgment based on contributory negligence, limitations, and no evidence of premises liability.

TTCA, and (7) the claim for negligent implementation of policy is barred by the TTCA as a discretionary act.

The Tort Claims Act provides a limited waiver of governmental immunity and, unless waived, governmental immunity from suit deprives a trial court of subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (citing TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109). We review a trial court's ruling on subject-matter jurisdiction de novo. *Id.* at 226, 228. "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In most cases, a plea to the jurisdiction "should be decided without delving into the merits of the case." *Id.*

In reviewing a trial court's jurisdictional ruling, we construe the pleadings in the plaintiff's favor. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We consider only the plaintiff's pleadings and evidence relevant to the jurisdictional inquiry. *Id.* We take as true all evidence favorable to the plaintiff and indulge every reasonable inference and resolve all doubts in her favor. *Miranda*, 133 S.W.3d at 228. "[T]his standard generally mirrors that of a summary judgment." *Id.* Thus, the burden is on

7

the movant to present evidence establishing that the trial court lacks jurisdiction as a matter of law. *Id.* Thereafter, the burden shifts to the plaintiff to demonstrate that a disputed issue of material fact exists regarding the jurisdictional issue. *Id.* "If a fact issue exists, the trial court should deny the plea." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). "But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law." *Id.*

"If there is a gap in jurisdictional facts, the trial court is required to afford the plaintiff an opportunity to amend its pleadings." *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 792 (Tex. App.—Houston [1st Dist.] 2012, no pet.). A trial court's subject-matter jurisdiction cannot be challenged in a no-evidence motion for summary judgment or by an allegation in a plea to the jurisdiction that the plaintiff has no evidence of a jurisdictional fact. *See id.* at 792–94.

## I. Tort Claims Act notice

The County argues for the first time on appeal that its governmental immunity has not been waived and the trial court lacks subject-matter jurisdiction over the claim because it did not receive notice of the claim against it within six months of "the day that the incident giving rise to the claim occurred," as required by the TTCA. TEX. CIV. PRAC. & REM. CODE § 101.101(a). "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all

8

suits against a governmental entity." TEX. GOV'T CODE § 311.034. Subject-matter jurisdiction is essential to a court's authority to decide a case, cannot be waived, and may be raised for the first time on appeal. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–45.

The County contends that the notice was due within six months of Judge Farris's last exposure to the courthouse in December 1996 and that the failure to give timely notice deprives the court of jurisdiction. Mrs. Farris does not dispute that the County did not receive notice before July 1997. Instead, she contends that the incident giving rise to the wrongful-death and survival claim was Judge Farris's cancer diagnosis or manifestation of symptoms in late 2004. She thus contends that her written notice delivered on April 4, 2005 satisfied the statute.

There can be more than one "incident giving rise to the claim" for purposes of section 101.101(a), and the last incident essential to the existence of a claim triggers the statute's notice period. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 356–57 (Tex. 2004), *superseded by statute on other grounds by* Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (codified at TEX. GOV'T CODE § 311.034).

"The diagnosis of a malignant asbestos-related condition creates a new cause of action . . . ." *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 653 (Tex. 2000); *see also Childs v. Haussecker*, 974 S.W.2d 31, 33 (Tex. 1998) (in latent

occupational-disease cases, a cause of action does not accrue until a "plaintiff's symptoms manifest themselves to a degree or for a duration that would put a reasonable person on notice"). Because Judge Farris's cancer diagnosis (or manifestation of symptoms) in late 2004 was an incident giving rise to the cause of action for his injury and death caused by an asbestos-related condition, we conclude that Mrs. Farris's April 4, 2005 notice satisfied section 101.101(a)'s six-months' notice requirement. *See Loutzenhiser*, 140 S.W.3d at 356–57.

## II. Tort Claims Act premises liability claim

The County argues that the trial court erred by denying its amended and supplemental plea to the jurisdiction because Mrs. Farris failed to plead a premises liability claim under section 101.021 of the TTCA.

The TTCA waives a governmental entity's immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). "[I]f a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." *Id.* § 101.022(a). "The duty owed to a licensee requires that 'a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a

licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.'" *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). In the absence of willful, wanton, or grossly negligent conduct, a licensee must prove the following elements to establish the breach of duty owed to him:

> (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee.

*Sampson*, 500 S.W.3d at 391; *Payne*, 838 S.W.2d at 237. A licensee can establish that breach of the duty of ordinary care with proof of failure to warn of the condition or failure to make it reasonably safe. *See City of W. Columbia v. Cornejo Garcia*, No. 01-16-00139-CV, 2016 WL 5940481, at *4 (Tex. App.—Houston [1st Dist.] Oct. 13, 2016, no pet.) (mem. op.).

The fourth amended petition was the live pleading at the time the court ruled on the amended plea to the jurisdiction. It alleged that Judge Farris had worked around asbestos-containing materials for many years. The petition further alleged that the County exposed Judge Farris to asbestos-containing materials that were disturbed or installed during the courthouse renovations in the 1970s and 1980s. The petition alleged that the County "knew that asbestos products used in

11

proximity of [Judge Farris] . . . contained dangerous and harmful substances," but the County failed to warn him, instruct him in proper safety precautions, and adopt or enforce a safety plan. It alleged that the County knew that the asbestos-containing products were "dangerous and harmful to human health and that Judge James Farris would not have known of such dangerous properties." The petition alleged gross negligence. And it alleged that Judge Farris's exposure to asbestos in the Jefferson County courthouse was foreseen by the County and was a "cause-in-fact" of his injuries and death. The petition specifically stated that the County's immunity was waived under the TTCA and denied that any statutory exception or exclusion to the waiver of immunity applied.

Under our notice-pleading standard, the fourth amended petition was sufficient to state a claim for premises liability under the TTCA. *See Miranda*, 133 S.W.3d at 231; TEX. R. CIV. P. 45(b), 47(a).

The plea to the jurisdiction was combined with a no-evidence motion for summary judgment. For each element of the premises liability claim, the County asserted that the allegations in the petition were conclusory and that the plaintiff had no evidence or had not pleaded specific facts to support each element. The County was not entitled to challenge the court's jurisdiction by way of a no-evidence motion for summary judgment or a plea to the jurisdiction that argued that Mrs. Farris had no evidence. *Green Tree Servicing*, 388 S.W.3d at 792–94.

12

The County did attach evidence to its plea.[2] Some of the evidence was relevant to the County's alternative arguments, but none of it conclusively negated any of the elements of premises liability. In sum, the County did not sufficiently carry its burden to shift the burden of production to the plaintiff. *See Miranda*, 133 S.W.3d at 228 (when evidence is submitted on a plea to the jurisdiction, the procedure mirrors a traditional motion for summary judgment). Thus, we conclude that the trial court did not err by denying the plea to the jurisdiction on this ground.

## III. Exclusive-remedy provision of the Workers' Compensation Act

The County contends that the trial court erred by denying its plea to the jurisdiction on the ground that Mrs. Farris's claim is barred by the exclusive-remedy provision of the Texas Workers' Compensation Act (TWCA).

---

[2] The County's plea to the jurisdiction evidence consisted of: an affidavit from the director of the County's engineering department establishing that the courthouse and the annex were built before 1970, minutes from a 1977 Commissioners Court meeting calling for a bond election to finance the renovations that occurred in the late 1970s and early 1980s, a local newspaper article in which plaintiff's counsel stated that it would be hard to prove the case due to the long latency period and near impossibility of finding another similarly situated person, 1989 Commissioners Court meeting reports regarding asbestos inspection and abatement, contracts for the asbestos inspection and abatement, a letter from the contractor regarding compliance with state and federal regulations, a 1977 Commissioners Court resolution to provide workers' compensation benefits to elected officials, and seven documents regarding the County's participation in an interlocal agreement to provide self-funded workers' compensation insurance from 1995–97.

"Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary . . . for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE § 408.001(a); *see also Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012). A participating employer may assert the exclusive-remedy provision as an affirmative defense to the tort claims of its employees or their beneficiaries when an employee is injured or dies from a work-related injury. *See HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 350 (Tex. 2009). In general, the exclusive-remedy bar provides immunity from liability for participating employers. *See id.* at 354 (employers who provide workers' compensation "are immunized from negligence liability for workplace injuries to their employees").

Governmental immunity encompasses both immunity from liability and immunity from suit. *Miranda*, 133 S.W.3d at 224. The TTCA waives governmental immunity "to the extent of liability created by this chapter." TEX. CIV. PRAC. & REM. CODE § 101.025(a). As such, under the TTCA immunity from suit and immunity from liability are coextensive. *Miranda*, 133 S.W.3d at 224; *see also* TEX. CIV. PRAC. & REM. CODE § 101.021(2) (waiving liability for a premises defect "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law"). The TTCA expressly provides that the

immunities granted by the workers' compensation laws apply to governmental units: "A governmental unit that has workers' compensation insurance or that accepts the workers' compensation laws of this state is entitled to the privileges and immunities granted by the workers' compensation laws of this state to private individuals and corporations." TEX. CIV. PRAC. & REM. CODE § 101.028. Therefore, if a governmental unit is immune from liability by having provided workers' compensation, it is likewise immune from suit. *See City of Bellaire v. Johnson*, 400 S.W.3d 922, 924 (Tex. 2013) (per curiam).

In the trial court and on appeal, the parties have disputed whether the exclusive-remedy bar is an affirmative defense or whether it is a jurisdictional matter. Because immunity from liability and immunity from suit are coextensive in this case, it does not matter whether the exclusive-remedy bar is raised by a traditional motion for summary judgment or by a plea to the jurisdiction. In both scenarios, the County bears the burden to produce evidence establishing its entitlement to the exclusive-remedy bar. *See Miranda*, 133 S.W.3d at 228 (procedure for plea to the jurisdiction when evidence has been submitted to trial court mirrors that of traditional summary judgment). Once the governmental entity has established the applicability of the exclusive-remedy bar, the burden of production shifts to the plaintiff to bring forward evidence demonstrating that a question of fact precludes summary judgment or the granting of a plea to the

15

jurisdiction. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (to prevail on summary judgment, movant must demonstrate no issues of material fact and entitlement to judgment as a matter of law); *Garcia*, 372 S.W.3d at 635 ("If a fact issue exists, the trial court should deny the plea.").

A political subdivision, such as a county, is required to "extend workers' compensation benefits to its employees" through an insurance policy, by self-insurance, or by an "interlocal agreement with other political subdivisions providing for self-insurance." TEX. LAB. CODE § 504.011; *see also id.* § 504.001(3) (defining political subdivision to include a county). When the employer is a political subdivision, an "employee" for the purpose of workers' compensation is either "(A) a person in the service of a political subdivision who has been employed as provided by law; or (B) a person for whom optional coverage is provided under Section 504.012 or 504.013." *Id.* § 504.001(2). A county extends optional coverage by "majority vote of the members of the governing body of a political subdivision," i.e., the commissioners court, and optional coverage may be extended to an elected official. *See id.* § 504.012.

In its amended plea to the jurisdiction, the County argued for the first time that Mrs. Farris's claims were barred by the exclusive-remedy bar. It supported the plea with evidence that in December 1977 the Commissioners Court passed a

resolution electing "to provide Voluntary Workers' Compensation for all elected officials in Jefferson County, Texas." The County also provided evidence establishing that between 1989 and 1998, two years after Judge Farris retired, the County participated in an interlocal agreement, providing workers' compensation by contributing to a fund.

The County contends that this evidence established the applicability of the exclusive-remedy bar as a matter of law. In making this argument, the County asserts that it was providing workers' compensation benefits to Judge Farris at the time of his retirement, and that his "retirement sets the date for when coverage and the identity of his employer must be analyzed." Under the TWCA: "If an injury is an occupational disease, the employer in whose employ the employee was last injuriously exposed to the hazards of the disease is considered to be the employer of the employee under this subtitle." TEX. LAB. CODE § 406.031(b); *see id.* § 504.002(a)(5) (incorporating § 406.031 by reference).

The County has not provided evidence about the last date of Judge Farris's injurious exposure to asbestos. The evidence in the appellate record indicates that Judge Farris's exposure was connected to at least four different time periods: (1) when the courthouse and the annex were originally built using asbestos-containing materials, 1932 and 1954 respectively, (2) when the renovation took place, allegedly disrupting the asbestos-containing materials and creating copious

17

amounts of dust in the buildings and Judge Farris's courtroom, approximately 1977 to 1982, (3) when the asbestos-abatement work occurred, around 1989, and (4) when he retired in 1996.

The County's evidence established that it elected in 1977 to provide coverage to elected officials. Section 504.012 provides for an election to provide optional coverage, but nothing in the statute requires the election to be irrevocable. The County has not provided evidence about whether this election continued throughout the following two decades.

Because the County's evidence failed to establish its entitlement to the exclusive-remedy bar as a matter of law, we conclude that the trial court did not err by denying the plea to the jurisdiction.

The County also advances a statutory argument in favor of the applicability of the exclusive-remedy bar. Relying on *City of Bellaire v. Johnson*, the County argues that it was required to provide workers' compensation to its employees and that Judge Farris was covered as a matter of law. *See* 400 S.W.3d at 923. The County contends that Mrs. Farris cannot argue that it "has done what the law prohibits." *Id.* As we have observed, the workers' compensation coverage afforded to elected officials was optional. *See* TEX. LAB. CODE § 504.012. The County was not required to provide coverage to Judge Farris, and he was a deemed employee only if the County elected to provide the optional coverage. *See id.*

As a corollary to its argument that Mrs. Farris's claims are barred by the exclusive-remedy provision, the County also argues that the trial court should have dismissed the case because Mrs. Farris failed to exhaust administrative remedies under the TWCA. But because there are fact issues regarding workers' compensation coverage, the trial court did not err by denying the plea to the jurisdiction for failure to exhaust administrative remedies, nor did the court err by denying the plea to the jurisdiction based on the exclusive-remedy bar.

## IV.    Presentation under Local Government Code section 89.004

The County argues that Mrs. Farris's claim is barred because she did not present her claim to the Commissioners Court of Jefferson County 60 days before filing suit against it, as required by Local Government Code section 89.004. The County argues that the presentation requirement is a statutory prerequisite to suit, which section 311.034 of the Government Code mandates is jurisdictional. Mrs. Farris contends that section 89.004 is not a jurisdictional statutory prerequisite to her claim, which is brought under the Tort Claims Act. She also contends that the County has waived its right to seek abatement so that the claim can be presented to the Commissioners Court by litigating this case for more than a decade without raising the issue.

The current version of section 89.004 of the Local Government Code appears in Chapter 89, entitled "General Provisions Relating to County Administration," and it provides for "Presentation of Claim":

(a) Except as provided by Subsection (c), a person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim.

(b) If the plaintiff in a suit against a county does not recover more than the commissioners court offered to pay on presentation of the claim, the plaintiff shall pay the costs of the suit.

(c) A person may file a suit for injunctive relief against a county. After the court's ruling on the application for temporary injunctive relief, any portion of the suit that seeks monetary damages shall be abated until the claim is presented to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim by the 60th day after the date of the presentation of the claim.

TEX. LOC. GOV'T CODE 89.004. A version of the presentment requirement has been part of Texas law since 1895.[3]

---

[3]    *See* Act of May 25, 2003, 78th Leg., R.S., ch. 1203, § 1(a), 2003 Tex. Gen. Laws 3418, 3418 (codified at TEX. LOC. GOV'T CODE § 89.004(a) ("A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim."); Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 13.03(b), 1999 Tex. Gen. Laws 340, 340 (amended 2005) (current version at TEX. LOC. GOV'T CODE § 89.004(a)); Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 793 (amended 1999) (current version at TEX. LOC. GOV'T CODE § 89.004(a)); *Gaines Cty. v. Hill*, 25 S.W.2d 197, 198 (Tex. Civ. App.—El Paso 1930, no writ) (quoting TEX. REV. CIV. STAT. art. 1573 as providing:

The Supreme Court and this court previously have held that the presentment requirement is not jurisdictional. *See Essenburg v. Dallas Cty.*, 988 S.W.2d 188, 189 (Tex. 1998) (per curiam) (stating that presentment requirement was to promote settlement, not to define subject-matter jurisdiction); *Harris Cty. v. McDougal*, No. 01-98-00812-CV, 2000 WL 190204, at *5–6 (Tex. App.—Houston [1st Dist.] Feb. 17, 2000, pet. denied) (not designated for publication). In *Loutzenhiser*, the Supreme Court held that failure to give notice of a claim under section 101.101(a) of the TTCA did not deprive the trial court of jurisdiction. 140 S.W.3d at 364. In reaching this conclusion, the court considered its prior holding in *Essenburg* regarding section 89.004, noting: "A requirement of presentment merely gives a governmental unit an opportunity to decide for itself whether to pay a claim." *Id.* at 361. Relying in part on *Essenburg* and on its prior holding that the TTCA's venue requirement was not jurisdictional, the court concluded that the presuit notice requirement was not jurisdictional either. *Id.* at 360–65 (citing *Brown v. Owens*, 674 S.W.2d 748, 751 (Tex. 1984)).

"No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof."); *Anderson v. Ashe*, 90 S.W. 872, 874 (Tex. 1906) (quoting then-current statute, Article 790, Rev. St. 1895, as follows: "No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county comissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof.").

21

In 2005, and in response to *Loutzenhiser*, the Legislature amended section 311.034 of the Code Construction Act, adding the last sentence:

**Waiver of Sovereign Immunity**

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. *Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.*

TEX. GOV'T CODE § 311.034 (emphasis supplied).

In *Prairie View A & M University v. Chatha*, 381 S.W.3d 500 (Tex. 2012), the Supreme Court explained that "the term 'statutory prerequisite'" in section 311.034 has three components: (1) it "must be found in the relevant statutory language," (2) it must be a requirement, and (3) the statute must mandate that the requirement be met before the lawsuit is filed. 381 S.W.3d at 511–12. The Court also explained that its construction of "statutory prerequisite" was consonant with prior case law and the statutory history of section 311.034. *Id.* at 512. The Court concluded, "The Legislature's mandate is clear: In a statutory cause of action against a governmental entity, the failure to adhere to the statute's mandatory provisions that must be accomplished before filing suit is a jurisdictional bar to suit." *Id*.

22

The parties in this case dispute the first component—identification of the relevant statutory language. The County argues that the relevant statutory language can appear in any statute that applies to the governmental entity in question. The County relies on a statement in *Colquitt v. Brazoria County*:

> After our decision in *Loutzenhiser,* the Legislature amended section 311.034 of the Code Construction Act to make notice, and other statutory prerequisites, jurisdictional, that is, a condition of the Act's waiver of immunity from suit. *See* Act of June 1, 2005, 79th Leg., R.S. ch. 1150, 2005 Tex. Gen. Laws 3783 (adding the last sentence to TEX. GOV'T CODE § 311.034).

324 S.W.3d 539, 542–43 (Tex. 2010) (per curiam). The County contends that the words "and other statutory prerequisites" refers to other statutory prerequisites that may be found in any statute that applies to a governmental entity, but *Colquitt* only concerned the statutory notice provision in the Texas Tort Claims Act. *Id.* at 541. The issue in *Colquitt* had nothing to do with statutory presentment. The question presented was whether filing a lawsuit within six months of the incident that gave rise to the tort claim was sufficient to satisfy the notice requirement, which the Court acknowledged was jurisdictional after the amendment of section 311.034. *Id.* at 541–43.

The County also relies on *Dallas County v. C. Green Scaping, L.P.*, 301 S.W.3d 872 (Tex. App.—Dallas 2009, no pet.), decided three years before *Chatha*. The court of appeals noted that "[p]rerequisite to suit" is not defined by the statute, and relying on "common usage," it concluded that it was "a requirement to be

23

fulfilled before suit is filed." *C. Green Scaping*, 301 S.W.3d at 878. But three years after *C. Green Scaping*, the Supreme Court issued its opinion in *Chatha* and defined "statutory prerequisite." Thus, we are bound to follow *Chatha*.

Finally, the County asserts that section 89.004 is analogous to the requirement to present a tort claim to the appropriate federal agency before filing suit under the Federal Tort Claims Act. That requirement, however, is called a "prerequisite" in the Federal Tort Claims Act. *See* 28 U.S.C. § 2675.

Chapter 89 of the Local Government Code, relied upon by the County, is entitled "General Provisions Relating to County Administration." TEX. LOC. GOV'T CODE §§ 89.001–.006. It does not create any cause of action, and it does not include an express waiver of sovereign immunity. *See Travis Cty. v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 249 (Tex. 2002), *superseded on other grounds by statute as recognized in Tooke v. City of Mexia*, 197 S.W.3d 325, 342 n.78 (Tex. 2006). Section 89.004(c) provides that if a suit seeks both injunctive relief and monetary damages, after ruling on the application for temporary injunctive relief, the trial court shall abate the case for presentment to the commissioners court. TEX. LOC. GOV'T CODE § 89.004(c). Because the statute contemplates that, at least in some situations, presentment to the commissioners court may happen after the filing of suit, it would defy logic to construe this as a jurisdictional prerequisite to filing suit. *See Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 925 (Tex. 2011).

24

Instead, the Chapter 89 presentment requirement serves as notice to commissioners court of a claim, affording it the opportunity to investigate and settle the claim without the burden of litigation. *See Pelzel & Assocs.*, 77 S.W.3d at 249. It is a condition precedent to suit generally, but it is not a statutory prerequisite as contemplated by section 311.034. *Id.*

In contrast, Chapter 101 of the Civil Practice and Remedies Code is entitled "Tort Claims." *See* TEX. CIV. PRAC. & REM. CODE § 101.001–.109. It does not create a new cause of action, but rather waives immunity to allow certain tort claims that separately exist under Texas law. *See id.* § 101.021. Most important, it is only because of the express, limited waiver of sovereign immunity in the TTCA that a claimant like Mrs. Farris is entitled to sue a governmental entity. The TTCA contains a presuit notice requirement that permits either actual or formal notice and serves the same purpose as presentment. *See id.* § 101.101; *Green v. City of Houston*, No. 01-14-00808-CV, 2015 WL 1967582, at *2 (Tex. App.—Houston [1st Dist.] Apr. 30, 2015, no pet.) (mem. op.).

We conclude that the statutory prerequisites for this suit are found in the Tort Claims Act, not in Local Government Code section 89.004. Because we have concluded that the Chapter 89 presentment requirement was not a statutory prerequisite, we hold that the trial court did not err by denying the plea to the jurisdiction on this basis.

25

## V.    Exemplary damages

The County argues that the trial court erred by not dismissing the claim for punitive damages. Mrs. Farris agrees that punitive damages are not available under the TTCA. Because the TTCA "does not authorize exemplary damages," we sustain the argument and render judgment dismissing the claim for punitive damages from the County. *See* TEX. CIV. PRAC. & REM. CODE § 101.024.

## VI.   Use of tangible personal property

The County argues that the trial court should have dismissed the claim based on the absence of use or misuse of tangible personal property. In its amended plea to the jurisdiction, the County stated, "Plaintiff has no claim for use or misuse of personal property." It argued that a claim cannot be "both a premises defect claim and a claim relating to a condition or use of tangible property." *See Sampson*, 500 S.W.3d at 385. Mrs. Farris agrees that she has no stand-alone claim for use or misuse of personal property. Her petition also alleged that the County was "grossly negligent" during the courthouse renovation in the 1970s and early 1980s. This is what the County asserts is Mrs. Farris's negligent-implementation claim. "[U]nder the Tort Claims Act an item of tangible personal property may create a condition of the premises, resulting in a premises defect claim." *Sampson*, 500 S.W.3d at 389. This is essence of Mrs. Farris's claim: tangible personal property (asbestos-containing materials) created a dangerous condition of the premises (the

26

courthouse and annex). We agree that Mrs. Farris did not state a claim for use or misuse of tangible personal property—not because her pleading is deficient, but because she chose to proceed on a premises liability theory.

Because she did not plead a claim for the use or misuse of tangible personal property under the TTCA, the trial court did not err by denying the plea to the jurisdiction on this basis.

## VII. Policy claims

The County contends that the trial court should have dismissed the claims for failure to create a policy regarding asbestos safety and for negligent implementation of policy. Mrs. Farris responds that she does not have separate claims for failure to create an asbestos-safety policy and failure-to-implement policy. She contends that these allegations were part of her premises liability claim.

We agree. The allegations that the County challenges were in separately numbered paragraphs under the subheading, "Count Three." Count Three set out the TTCA claim against the County. Paragraph 23 alleged that the County "failed to timely adopt *or enforce* a safety plan and method of handling asbestos containing products." (Emphasis supplied.) Paragraph 26 alleged that the County was "grossly negligent in implementing its policy decision to renovate" the courthouse, and that the "gross negligence includes Defendant, Jefferson County's

27

operational level decisions, such as using, installing, and disturbing asbestos-containing materials that it knew were dangerous." These allegations pertain to the elements of the premises liability claim. Because we conclude that these are not separate claims, we hold that the trial court did not err by not dismissing them.

## Conclusion

We reverse the order of the trial court in part, rendering judgment dismissing any claim for exemplary damages, and we affirm the remainder of the trial court's order.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Caughey.

Justice Jennings, concurring.