**Reversed and Remanded and Opinion filed October 13, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-00757-CV

### ELBERT JOHNSON, Appellant

### V.

### CITY OF BELLAIRE AND ROSA LARSON, Appellees

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-52647**

## O P I N I O N

Elbert Johnson appeals an order granting a plea to the jurisdiction in favor of appellees, the City of Bellaire and Rosa Larson (collectively, the "City"). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008) (permitting interlocutory appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit"). Johnson contends that the trial court erred by granting the City's plea to the jurisdiction based on governmental immunity. We reverse and remand.

## Background

We outline the facts based on the pleadings and the evidence presented in the light most favorable to Johnson as the nonmovant below.

Johnson was an employee of Magnum Staffing Services, Inc. when Magnum sent him to work for the City of Bellaire in the winter of 2005. Johnson first began working for the City as a helper on a limb-and-brush truck. Later, Johnson was assigned to work as a helper on one of the City's garbage trucks. Rosa Larson drove the truck; Johnson's cousin, Irving Flanagan, was the other helper.

Johnson was injured on January 23, 2008 while working as a helper on the garbage truck Larson was driving. According to Johnson, he and Flanagan were riding on metal steps at the back of the truck when Larson made a "hard" stop at a stop sign. Larson then accelerated and turned left onto Newcastle. Johnson fell into the garbage truck's hopper and was knocked unconscious. When Johnson woke up, his arm was trapped in the garbage packer. Johnson's arm was amputated as a result of the accident.

Johnson sued the City and Larson on August 18, 2009 for negligence. Johnson alleged he was entitled to compensation for the "personal injuries proximately caused by the wrongful act or omission or negligence of Rosa Larson, an employee, agent or independent contractor of the City of Bellaire, arising from the operation or use of a motor-driven vehicle or motor-driven equipment." He alleged that Larson breached her duty to reasonably and prudently operate the City's garbage truck, and that the breach of this duty caused Johnson's arm to be amputated.

The City generally denied Johnson's allegations on September 23, 2009, and asserted that (1) the City is entitled to governmental immunity; (2) Johnson was negligent at the time of the accident and such negligence was a proximate cause of the accident; and (3) Johnson's claim is barred by the exclusive remedy of section 408.001 of the Texas Labor Code.

The City filed its "Plea to the Jurisdiction, Alternatively, Motion for Summary Judgment" on April 19, 2010. The City argued that Johnson's suit should be dismissed based on governmental immunity because (1) Johnson was a City employee under the borrowed servant doctrine; (2) the legislature requires the City to provide workers' compensation benefits to its employees; and (3) *Lyons v. Texas A&M University*, 545 S.W.2d 56, 59 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.), holds that the legislature "has not waived the immunity of governmental entities in tort suits by their employees" and "has retained the immunity and provided an alternative remedy through workmen's compensation." Alternatively, the City argued that it is entitled to summary judgment because, "as a matter of law, the uncontroverted evidence establishes that Johnson's suit is barred by the exclusive remedy provision of the Workers' Compensation Act, Tex. Lab. Code Ann. § 408.001(a) (Vernon 2006)."

Johnson filed a response to the City's "Plea to the Jurisdiction, Alternatively, Motion for Summary Judgment" on May 6, 2010. He contended that the City's plea to the jurisdiction and summary judgment motion should be denied because the City failed to establish that Johnson was covered by the City's workers' compensation policy. The terms of the City's policy provide that coverage is extended only to "paid employees;" Johnson contended he was a borrowed servant rather than a paid employee of the City.

The City filed a reply to Johnson's response on May 14, 2010. The City argued that Johnson is covered by the City's policy as a borrowed servant because (1) it is required by law to provide workers' compensation benefits to its employees; and (2) its workers' compensation policy excludes volunteers but not borrowed servants.

The trial court signed an order granting the City's plea to the jurisdiction on May 17, 2010.

Johnson filed a motion for new trial on June 10, 2010. Relying on *Port Elevator-Brownsville, L.L.C. v. Casados*, 314 S.W.3d 529 (Tex. App.—Corpus Christi 2010, pet. granted), Johnson asserted that the City was required to show that its workers' compensation policy actually covered borrowed servants such as Johnson. Johnson

3

argued that "the City has not conclusively proven its policy provides coverage for Elbert Johnson, thus creating a genuine issue of material fact which precludes the granting of its Plea to the Jurisdiction or alternatively, Motion for Summary Judgment."

The City responded to Johnson's motion for new trial on July 14, 2010, asserting that the trial court dismissed Johnson's case for want of jurisdiction because the legislature did not waive the immunity of governmental entities in tort suits by their employees, and the uncontroverted evidence proved that Johnson is an employee of the City under the borrowed servant doctrine. According to the City, whether Johnson is covered by the City's workers' compensation policy is "relevant to the affirmative defense of the workers' compensation bar" but is "irrelevant to whether the Tort Claims Act waives the City's immunity from suit." The City also argued that *Casados* is inapplicable because it involved "the affirmative defense of the workers' comp bar" rather than governmental immunity.

The trial court denied Johnson's motion for new trial on July 19, 2010. Johnson filed a timely notice of appeal on August 4, 2010.

## Analysis

### I.      Standard of Review

Governmental immunity protects political subdivisions of the state, including cities, from lawsuits for money damages unless such immunity has been waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). When governmental immunity is waived by statute, the legislature must use clear and unambiguous language indicating its intent do so. *See Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (Tex. 2010); *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity from suit defeats a trial court's subject matter jurisdiction and

4

thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Trans. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999). A plea questioning the trial court's jurisdiction raises a question of law that is reviewed *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

When reviewing whether a plea was properly granted, we first look to the pleadings to determine if jurisdiction is proper. *City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even where those facts may implicate the merits of the cause of action. *Kirwan*, 298 S.W.3d at 622. If the evidence creates a fact issue as to the jurisdictional issue, then it is for the factfinder to decide. *Id*. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. In considering this evidence, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*.

## II.     Plea to the Jurisdiction

Johnson argues that the trial court erred by granting the City's plea to the jurisdiction. First, Johnson contends that "the pleadings clearly demonstrated that the City of Bellaire waived immunity pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 101.021." Second, Johnson argues that he was not a City employee because (1) a

borrowed servant is not included in the definition of "employee" under section 504.001 of the Texas Labor Code,[1] and (2) he was not paid by the City. Johnson argues that, because he is not a City employee, his "claims are not barred by Chapter 504 [of the Texas Labor Code], and the City is not immune from his suit." Third, Johnson contends that the City failed to establish as a matter of law that Johnson was covered under the City's workers' compensation policy.

The City responds by pointing to *Lyons* and arguing that there is no waiver of governmental immunity for Johnson's tort claim because (1) "Johnson's injury arose out of the City's governmental function of garbage collection;" (2) "the City complied with the mandatory requirements of Chapter 504 to provide workers' compensation benefits to its employees by entering into an interlocal agreement with other political subdivisions providing for self-insurance;" and (3) "Johnson was an employee of the City under the borrowed servant doctrine."[2] The City contends that, regardless of whether its workers' compensation policy actually covers Johnson, governmental immunity applies under *Lyons* if (1) the City provides workers' compensation benefits to employees; and (2) Johnson is deemed to be an employee under the borrowed servant doctrine.

We are not persuaded by the City's argument. Assuming for argument's sake that Johnson was indeed an employee of the City under the borrowed servant doctrine, we fail to see what remedy Johnson would have under the City's workers' compensation policy if he was not covered by that policy.

In *Lyons*, Lyons sued Texas A&M University for personal injuries he sustained while working on the University's vessel. *Lyons*, 545 S.W.2d at 58. The trial court dismissed Lyons's suit, holding that "the State had not consented to be sued and had

---

[1] Chapter 504 of the Texas Labor Code relates to workers' compensation insurance coverage for employees of political subdivisions. A municipality is a "political subdivision." Tex. Lab. Code Ann. §504.001(3) (Vernon 2006).

[2] There seems to be no dispute that Johnson's pleading alleges a claim under the Tort Claims Act that falls within the limited waiver of governmental immunity. The issue is whether the waiver of immunity under Section 101.021 of the Tort Claims Act is affected by Chapter 504 under the circumstances of this case.

6

made the Texas A&M workmen's compensation statute the exclusive remedy" for Lyons. This court agreed and held that "[t]he Legislature has not waived governmental immunity in tort suits by state employees. Rather, it has retained the immunity and provided an alternative remedy through workmen's compensation." *Id.* The Texas Supreme Court later acknowledged the *Lyons* holding in *Duhart v. State*, 610 S.W.2d 740, 743 (Tex. 1980).

*Lyons* reasoned that the legislature retained governmental immunity and provided an **alternative remedy**. *Lyons*, 545 S.W.2d at 58. Therefore, an employee would not be required to sue a governmental entity because the entity would compensate the employee under its workers' compensation policy. *See id.* Accordingly, for Johnson to have an "alternative remedy," Johnson must at a minimum be covered under the City's workers' compensation policy. *Cf. Port Elevator-Brownsville, L.L.C. v. Casados*, 314 S.W.3d 529, 533 (Tex. App.—Corpus Christi 2010, pet. granted) (for employer to be entitled to the affirmative defense of the workers' compensation bar, the employer must prove that the plaintiff was an employee who is covered by the employer's workers' compensation insurance). Otherwise, he would be without a remedy.

We next examine whether Johnson was covered by the City's workers' compensation interlocal agreement and thus had an alternative remedy through workmen's compensation. The interlocal agreement provides in section three that "[s]tatutory worker's compensation benefits are provided for paid employees of the Employer Pool Member only." The agreement does not define who qualifies as a "paid employee." The evidence establishes that Johnson was paid by Magnum, not by the City; Johnson merely picked up his Magnum paycheck from the City.

At the very least, the evidence before us raises a fact question with respect to whether Johnson is covered under the City's interlocal agreement as a "paid employee" of the City while he was employed by Mangum — and thus whether he has "an alternative remedy through workmen's compensation." Viewing the evidence in the light most favorable to the nonmovant, we conclude that the trial court erred by granting the

7

City's plea to the jurisdiction because a fact question on the jurisdictional issue exists. Accordingly, we sustain Johnson's issue in that regard.

## Conclusion

We reverse the trial court's order granting the City's plea to the jurisdiction and remand this case for further proceedings to the trial court.

/s/    William J. Boyce
       Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Boyce.