# IN THE SUPREME COURT OF TEXAS

══════════
No. 11-0933
══════════

CITY OF BELLAIRE AND ROSA LARSON, PETITIONERS,

v.

ELBERT JOHNSON, RESPONDENT

══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
══════════════════════════════════════════════════

**PER CURIAM**

The Texas Labor Code provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance." TEX. LAB. CODE § 408.001(a).[1] In *Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238 (Tex. 2012), we held that, with certain exceptions not relevant in that case or this one, an employee cannot avoid this statutory bar by arguing that he was not covered under the specific terms of his employer's workers' compensation insurance policy.[2] To hold otherwise, we concluded, would be to violate the rule

---

[1] All statutory references are to the Texas Labor Code unless otherwise noted.

[2] We listed three exceptions that would allow private employers to "split" workforces for purposes of workers' compensation coverage: if the employer makes different elections for separate and distinct businesses; if the employer excludes a sole proprietor, partner, or corporate executive officer, as permitted by statute, TEX. LAB. CODE § 406.097; and if the employer leases employees under the Staff Leasing Services Act, *id.* § 91.042. *Port Elevator*, 358 S.W.3d at 242. Other exceptions could apply to governmental entities under their respective workers' compensation statutes. *See, e.g. id.*, TEX. LAB. CODE §§ 504.001(2) (defining "employee" for chapter applicable to political subdivision employees), 504.012 (allowing optional coverage for, *inter alia*, elected officials), 504.013 (allowing optional coverage for trustees and staff of self-insurance funds), and 504.014 (excluding, *inter alia*, persons paid on a piecework basis, or on a basis

"prevent[ing] an employer from splitting its workforce by choosing coverage for some employees but not coverage for all." *Id.* at 243. An employee cannot argue that his subscriber-employer has done what the law prohibits; rather, the employee is covered as a matter of law, and any dispute by the carrier over whether it agreed to provide such coverage under the policy's terms is with the employer. In this case, decided before *Port Elevator*, the court of appeals reached the opposite result. 352 S.W.3d 260 (Tex. App.–Houston [14th Dist.] 2011). We reverse and render.

Magnum Staffing Services, Inc. furnished workers for the City of Bellaire. One was Elbert Johnson. The City paid Magnum for its services, which in turn paid Johnson, based on the hours he reported to the City. The City set Johnson's work schedule, gave him his assignments, and supervised his work. Magnum had no role in overseeing Johnson's work. Magnum provided Johnson with workers' compensation coverage. Also, the City was required by Section 504.011 to provide workers' compensation coverage to its employees, defined by Section 504.001(2)(A) to include "a person in [its] service . . . who has been employed as provided by law."

Johnson lost an arm working on a garbage truck driven by Rosa Larson, an employee of the City, and sued the City and Larson. The City and Larson filed a plea to the jurisdiction and motion for summary judgment, asserting governmental immunity based in part on the exclusive remedy under Sections 408.001(a) and 504.002(a)(6). *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment."

---

other than by the hour, day, week, or month); *see also*, *e.g.*, *id.* §§ 501.001(5) (defining "employee" for chapter applicable to most state employees), and 501.024 (excluding, *inter alia*, independent contractors).

(footnote omitted)). The trial court dismissed the case. The court of appeals reversed and remanded, concluding that the exclusive remedy bar did not apply unless Johnson was *actually* covered, as distinct from being *legally required* to be covered, and the evidence did not establish that he was. Specifically, the City was self-insured under the Act with other entities, *see* § 504.011(3), subject to an interlocal agreement stating that "[s]tatutory worker's compensation benefits are provided for paid employees of the Employer Pool Member only." The court of appeals held that a fact question subsisted whether Johnson, who was paid by Magnum, was within the specific terms of the City's coverage. 352 S.W.3d at 265.

The undisputed evidence does establish as a matter of law that the City controlled the details of Johnson's work and thus, that Johnson was its employee. *Limestone Prods. Distrib. Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002) ("The test to determine whether a worker is an employee rather than an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the work."). The City's immunity from Johnson's suit would be waived by the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A) (waiving immunity from suit for injury from the operation of a motor-driven vehicle), but for the exclusive-remedy bar provided by the Texas Workers' Compensation Act, *id*. § 101.021(1)(B) (motor vehicle waiver applies only if the government employee operating the vehicle could be personally liable to the claimant according to Texas law). Thus, if the bar applies, immunity was not waived. *See Duhart v. State*, 610 S.W.2d 740, 743 (Tex. 1980) (explaining that the State, in adopting the Tort Claims Act and workers' compensation coverage for state employees, retained its immunity and provided its employees an alternative remedy through workers' compensation

3

coverage, citing *Lyons v. Texas A&M Univ.*, 545 S.W.2d 56 (Tex. Civ. App.–Houston [14th Dist.] 1976, writ ref'd n.r.e.)). The court of appeals in the present case would have applied the same rule here except for its conclusion that a fact question subsisted whether Johnson was actually covered by the City's workers' compensation insurance.

We disagree with the court of appeals that there is any issue whether Johnson was a "paid employee" of the City within the meaning of its interlocal agreement, the purpose of which was to provide the statutorily required workers' compensation coverage to its employees. Johnson was certainly paid, but he argues he was paid by Magnum, not the City. Because he was not paid by the City or by the hour, Johnson argues, he was not a "paid employee" under Section 504.011(3), and was excluded from compensation under Section 504.014 ("A person is not an employee and is not entitled to compensation . . . if the person . . . is paid . . . on a basis other than by the hour, day, week, month, or year . . . ."). But the evidence establishes as a matter of law that Johnson was paid by the City *through* Magnum, and on the basis of the hours he reported to the City. As a matter of law, the City provided Johnson workers' compensation coverage, and therefore his exclusive remedy was the compensation benefits to which he was entitled. The trial court correctly dismissed Johnson's action against the City, and also against Larson, *see* TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.").

4

Accordingly, we grant the City's petition for review, and without hearing oral argument, Tᴇx. R. Aᴘᴘ. P. 59.1, reverse the judgment of the court of appeals and render judgment dismissing Johnson's claims against the City and Larson for want of jurisdiction.

Opinion delivered: June 7, 2013