**REVERSE and RENDER ; Opinion Filed July 1, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00701-CV**

**THE CITY OF DALLAS, Appellant**
**V.**
**FREDERICK SALYER, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-04571-H**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

The City of Dallas filed this interlocutory appeal challenging the trial court's denial of its plea to the jurisdiction in Frederick Salyer's negligence lawsuit arising out of a work-related accident. The City asserts the Texas Tort Claims Act does not waive the City's governmental immunity with respect to Salyer's claims because the record conclusively establishes Salyer was a City employee at the time of his accident and a claim for workers' compensation benefits was his exclusive remedy. We agree. Accordingly, we reverse the trial court's order denying the City's plea and render judgment dismissing Salyer's claims against the City for want of jurisdiction.

## BACKGROUND

TBEY and Associates is a human resources consulting and staffing company that provides temporary workers to the City and other entities. TBEY assigned Salyer to work as a

laborer at the Bachman Transfer Station, the City's largest refuse facility. At the station, City dump trucks deposit debris into a pit. According to Salyer, his responsibilities included sweeping debris from the dump platform into the pit. On December 6, 2010, while Salyer was sweeping, a City dump truck backed into him, knocking him into the pit seriously injuring him. Salyer filed a lawsuit against the City pursuant to the Tort Claims Act alleging his injuries were caused by the negligence of the City and its employees arising from the operation or use of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West 2011).

The City filed a plea to the jurisdiction requesting Salyer's lawsuit be dismissed for lack of subject matter jurisdiction. The City argued that because Salyer was a City employee as a matter of law at the time of his accident, the Tort Claims Act does not waive the City's immunity from suit for Salyer's negligence claims and his only remedy was a claim for workers' compensation benefits. In response to the plea, Salyer claimed that the Tort Claims Act waives the City's governmental immunity regarding suits for injury from the operation of motor vehicles. He also argued the exclusive remedy provision of the Workers' Compensation Act did not apply because he was working for the City as an independent contractor at the time of his accident. The trial court denied the City's plea. This appeal ensued.

## ANALYSIS

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Where, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we review the relevant evidence submitted by the parties in the trial court as we would in a summary judgment proceeding. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve all doubt in the non-movant's favor. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622

(Tex. 2009). If the evidence creates a fact issue as to the jurisdictional issue, the matter must be determined by the factfinder. *Id*. If, however, the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the plea to the jurisdiction is decided as a matter of law. *Id*.

In two issues, the City contends that its governmental immunity has not been waived because Salyer is an employee of the City as a matter of law and, thus, a claim for workers' compensation benefits is his exclusive remedy.[1] Salyer argues that he is not an employee of the City. Salyer further argues that the City's reliance on the exclusive remedy provision in the Worker's Compensation Act is an affirmative defense that does not affect the trial court's subject matter jurisdiction and therefore is an insufficient ground on which to base a plea to the jurisdiction. It does not appear that Salyer presented this second argument in his response to the City's plea. We therefore question whether Salyer preserved this appellate complaint. *See* TEX. R. APP. P. 33.1.

Nevertheless, neither of Salyer's arguments is well-taken in light of the Texas Supreme Court's recent opinion in *City of Bellaire v. Johnson,* No. 11–0933, 2013 WL 2450151 (Tex. June 7, 2013). As the supreme court noted in *City of Bellaire*, if the exclusive remedy bar provided by the Workers' Compensation Act applies to an employee's negligence claims against his city employer, the city's governmental immunity is not waived. *See id*. at *2; *see also Duhart v. State,* 610 S.W.2d 740, 743 (Tex. 1980) (in adopting the Tort Claims Act and providing workers' compensation coverage for state employees, state retains its immunity and provides its employees an alternate remedy through workers' compensation coverage). Pursuant to section 101.028 of the Tort Claims Act, a city that has workers' compensation insurance or accepts the workers' compensation laws of Texas is entitled to the privileges and immunities

---

[1] Section 408.001(a) of the Texas Labor Code provides that recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation coverage. TEX. LAB. CODE ANN. § 408.001(a) (West 2006).

granted by those worker's compensation laws to private individuals and corporations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.028 (West 2011). Accordingly, whether the City's governmental immunity has been waived with respect to Salyer's claims depends on whether Salyer was an employee of the City.

There is undisputed evidence that the City provided its employees with workers' compensation coverage. The Tort Claims Act defines employee as a person in the paid service of a governmental unit by competent authority and specifically excludes independent contractors or persons who perform tasks the details of which the governmental unit does not have the legal right to control. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2) (West Supp. 2012). Similarly, the Workers' Compensation Act provides a person is not an employee and is not entitled to compensation if he is paid on a basis other than by the hour, day, week, month, or year. *See* TEX. LAB. CODE ANN. § 504.014(1) (West 2006). The determination of whether a worker is an employee or an independent contractor depends on who has the right to control the progress, details, and methods of operations of the work. *See Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002). In the absence of a contract assigning the right to control, a party can prove the right of control by evidence of actual control over the manner in which the work is performed. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002). The type of control an employer normally exercises over an employee includes when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of accomplishing the end result. *Thompson v. Travelers Indem. Co.*, 789 S.W.2d 277, 278–79 (Tex. 1990). When the controlling facts are not in dispute, whether a person is an employee or independent contractor is a question of law. *See Texas A&M Univ. v. Bishop*, 156 S.W.3d 580, 585 (Tex. 2005).

In support of its plea, the City presented the following evidence. The temporary workers TBEY provided to the City received their job assignment from the City at the transfer station and were directed, trained, and supervised by City employees. TBEY did not supervise, direct, or control the work the temporary workers performed at the transfer station. A city supervisor scheduled Salyer's lunch breaks as well as his other breaks. The City paid the staffing company an hourly rate based on the temporary worker's time card. The staffing company, in turn, paid the temporary worker an hourly wage.

In response to the City's evidence, Salyer presented his affidavit stating that the City gave him a reflective vest and broom, but he provided his own hard hat, safety glasses, gloves, work clothes, and steel-toed boots. According to Salyer, upon his arrival at the transfer station, he was told his responsibilities included sweeping debris from the dumping platform into the pit, weed eating, and spotting trucks when not sweeping. In his affidavit, Salyer acknowledges that the City clearly had the right to tell him when to start work, when to take a break, and when to stop work. Salyer asserted he used his own discretion as to the details of his sweeping work. As additional evidence that he was an independent contractor and not a City employee, Salyer presented the City's responses to certain requests for admissions where the City admitted it "disputed [Salyer's] worker's compensation because [Salyer] is an independent contractor of the City." Salyer also referenced the City's interrogatory answer indicating that the City was not contending Salyer was a borrowed servant.

There is undisputed evidence that establishes as a matter of law that Salyer was paid by the City through the staffing company on the basis of the hours he reported to the City. *See City of Bellaire*, 2013 WL 2450151, at *2. Additional uncontroverted evidence that the City set Salyer's work schedule, gave him his assignments, provided him with a broom, and supervised his work establishes as a matter of law that Salyer was an employee of the City and not an

–5–

independent contractor. *See id.* at *1–2 (determining that similar undisputed evidence conclusively established city controlled details of temporary worker's work and was therefore a city employee). Based on the record before us, the City conclusively established that Salyer was a City employee and that workers' compensation benefits were his exclusive remedy against the City. In reaching this conclusion, we necessarily reject Salyer's contention that the City's discovery responses suggesting Salyer was an independent contractor and not a borrowed servant created a fact issue with respect to his status as a City employee. Here, Salyer's employment status with the city is a question of law based on the undisputed facts regarding the City's right to control the details of Salyer's work. Consequently, the City's responses are better characterized as legal conclusions rather than factual admissions and, as such, are not binding nor do they create a fact issue on Salyer's status as an employee of the City. *See Neal v. Wisconsin Hard Chrome, Inc.*, 173 S.W.3d 891, 894 (Tex. App.—Texarkana 2005, no pet.) (concluding responses constituting admissions of law are of no effect and not binding on the court).

We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Salyer's claims against the City for want of jurisdiction.


/David Evans/
DAVID EVANS
JUSTICE


120701F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE CITY OF DALLAS, Appellant

No. 05-12-00701-CV      V.

FREDERICK SALYER, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-04571-H.
Opinion delivered by Justice Evans.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the trial court's order denying the City of Dallas's plea to the jurisdiction is **REVERSED** and judgment is **RENDERED** that Frederick Salyer's claims against the City of Dallas are **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellant THE CITY OF DALLAS recover its costs of this appeal from appellee FREDERICK SALYER.

Judgment entered this 1st day of July, 2013.

/David Evans/
DAVID EVANS
JUSTICE