

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00076-CV
_____

ROSANNE M. BARKER, Appellant

V.

SAM HOUSTON STATE UNIVERSITY, Appellee

On Appeal from the 278th District Court
Walker County, Texas
Trial Court No. 1929437

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Roseanne M. Barker filed a suit against her employer, Sam Houston State University (SHSU), seeking damages for personal injuries that she allegedly suffered when she was struck by a SHSU vehicle driven by a SHSU employee.[1]  SHSU asserted a plea to the jurisdiction, arguing on various grounds that the trial court lacked subject-matter jurisdiction over the case because its sovereign immunity could not be waived.  After a hearing, the trial court granted SHSU's plea and dismissed Barker's claims with prejudice.

On appeal, Barker contends that the trial court erred in finding, as a matter of law, that Barker was in the course and scope of her employment at the time she was injured.  Because we find that Barker was in the course and scope of her employment at the time of her injury, we affirm the trial court's judgment.

I.      **Factual and Procedural Background**

On October 11, 2017, Roseanne Barker, a history professor at SHSU, was scheduled to teach a 9:00 a.m. class in Building AB4 on the SHSU campus.  Before class started, Barker parked her car in the SHSU parking lot across the street from Building AB4, even though she was not permitted to park there.  She finished teaching her class and left the classroom sometime after 10:00 a.m.  Because she was not scheduled to teach another class for "about two hours," she headed to the parking lot.

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.  We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

Barker alleged that she was walking to the parking lot to move her car to another campus parking area where she was permitted to park. As she crossed Avenue I outside of Building AB4 on the way to her car, she was struck by a white Chevrolet Colorado truck. The truck was owned by SHSU and was being operated by Johnny Boston, a SHSU employee. It is undisputed that Boston was driving the truck within the course and scope of his employment for SHSU at the time of the accident. The SHSU Police Department responded to and investigated the accident.

As a result of the accident, Barker was injured and required medical care. She also missed time from work.

About four months after the accident, Barker filed a workers' compensation claim, and he received workers' compensation benefits for the injuries she sustained. Sometime after, Barker's personal health insurance administrator, Blue Cross Blue Shield (BCBS), sent an information request to Barker requesting verification about her injuries. Barker informed BCBS that she had filed a workers' compensation claim with her employer and that the claim had been accepted. Barker received a total of $38,058.26 in workers' compensation benefits.

On September 24, 2019, Barker filed suit against SHSU asserting a claim of negligence and seeking to recover personal injury damages for the injuries she suffered in the accident. SHSU answered and asserted a plea to the jurisdiction on the grounds of sovereign immunity. SHSU argued that the trial court lacked subject-matter jurisdiction over Barker's claims because SHSU's sovereign immunity from suit and liability could not be waived based on (1) the exclusive remedy provision (commonly known as the workers' compensation bar) in Section 408.001(a) of the Texas Labor Code, (2) Barker's failure, upon being hired, to waive her

3

workers' compensation coverage under Section 406.034 of the Texas Labor Code, (3) the equitable election of remedies doctrine, and/or (4) Barker's failure to exhaust her administrative remedies before the Texas Department of Insurance, Division of Workers' Compensation. After a hearing, the trial court granted SHSU's plea to the jurisdiction and dismissed Barker's lawsuit without specifying the grounds upon which it was granted. Barker appealed.

## II.     Plea to the Jurisdiction

"A plea to the jurisdiction is a dilatory plea" by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "We review a trial court's ruling on a plea to the jurisdiction de novo." *Tex. A&M Univ., Mark Hussey, Ph.D. v. Starks*, 500 S.W.3d 560, 567 (Tex. App.—Waco 2016, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (plurality op.)).

"The plaintiff bears the initial burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case." *Tex. Dep't of Transp. v. Ingram*, 412 S.W.3d 129, 134 (Tex. App.—Texarkana 2013, no pet.). After the party challenging subject-matter jurisdiction "asserts and supports with evidence that the trial court lacks subject[-]matter jurisdiction," the plaintiff is required "to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* at 228 (citing *Huckabee v. Time Warner Entm't Co. L.P.*, 19 S.W.3d 413, 420 (Tex. 2000)).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). "If the evidence creates a fact question

4

regarding the jurisdictional issue, then the plea to the jurisdiction must be denied." *Starks*, 500 S.W.3d at 567 (quoting *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 321 S.W.3d 1, 3–4 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 320 S.W.3d 829 (Tex. 2010)). "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the court rules on the plea to the jurisdiction as a matter of law." *Id.* "In ruling on a plea to the jurisdiction, a court does not consider the merits of the parties' claims." *Id.*; *see Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

## III. Sovereign Immunity

"In Texas, sovereign immunity deprives a trial court of subject[-]matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Miranda*, 133 S.W.3d at 224. The State's sovereign immunity extends to "various divisions of state government, including agencies, boards, hospitals, and universities." *Tooke v. City of Mexia*, 197 S.W.3d 325, 330 n.11 (Tex. 2006). "[S]overeign immunity, unless waived, includes immunity from suit and immunity from liability." *Richards v. Tex. A&M Univ. Sys.*, 131 S.W.3d 550, 556 (Tex. App.—Waco 2004, pet. denied) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003)). "In the absence of waiver of immunity from suit, a trial court lacks subject-matter jurisdiction in a suit against the State." *Id.* (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam)).

## IV. Texas Tort Claims Act

"The [Texas] Tort Claims Act [(TTCA)] provides a limited waiver of sovereign immunity" and "allow[s] suits to be brought against governmental [entities] only in certain,

5

narrow[] . . . circumstances." *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. We "look to the terms of the [TTCA] to determine the scope of its waiver" and then "consider the particular facts of the case . . . to determine whether [the case] comes within that scope." *Miller*, 51 S.W.3d at 587. "[F]or immunity to be waived under the [TTCA,] the claim must arise under one of the three specific areas of liability for which immunity is waived and the claim must not fall under one of the exceptions from waiver." *Durbin v. City of Winnsboro*, 135 S.W.3d 317, 320 (Tex. App.— Texarkana 2004, pet. denied). Under one of the areas of waiver applicable here,

> [a] governmental unit in the state is liable for:
>
> (1)  property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> >  (A)  the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> >  (B)  the employee would be personally liable to the claimant according to Texas law; and
>
> (2)  personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021.

Here, it is undisputed that SHSU is a governmental unit. *See City of Mexia*, 197 S.W.3d at 331. Additionally, the pleadings and evidence showed that Barker was injured by a SHSU employee operating a SHSU motor vehicle. As a result, Barker's claim meets the first two requirements of Section 101.021. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Even so,

6

SHSU contends that its immunity is not waived under the TTCA because it cannot be personally liable to Barker since workers' compensation is her exclusive remedy, she failed to waive workers' compensation coverage under the election of remedies doctrine, or she failed to exhaust her administrative remedies. We, therefore, first examine whether Barker's claims are barred by the exclusive remedy provision of the Texas Workers' Compensation Act (TWCA). *See City of Bellaire v. Johnson*, 400 S.W.3d 922, 924 (Tex. 2013) (per curiam) ("suit for injury from the operation of a motor-driven vehicle" would have waived sovereign immunity "but for the exclusive-remedy bar provided by the [TWCA]").

## V.      Exclusive Remedy

Neither party disputes that SHSU is "[a] governmental unit that has workers' compensation insurance." TEX. CIV. PRAC. & REM. CODE ANN. § 101.028. SHSU is, therefore, "entitled to the privileges and immunities granted by the workers' compensation laws of this state to private individuals and corporations." *Id*. "The Act is the exclusive remedy for non-intentional, 'work-related injuries' of an employee, and exempts the employer, its agents, and its employees from common-law liability claims based on negligence or gross negligence." *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing TEX. LAB. CODE ANN. § 408.001(a)). "To demonstrate that a common law claim is barred by the [exclusive remedy provision,] the defendant must show that the injured worker was (1) its employee at the time of the work-related injury and (2) covered by worker's compensation insurance." *Id*.

7

It is further undisputed that Barker was a SHSU employee at the time she was injured and that she was covered by workers' compensation insurance. Even so, Barker contends that the TWCA exclusive remedy provision does not apply because she did not suffer a work-related injury under the TWCA. A "work-related injury" has been interpreted to mean an injury suffered while in the course and scope of employment. *Payne v. Galen Hosp. Corp.*, 28 S.W.3d 15, 17–18 (Tex. 2000).

> Section 401.011(12) of the TWCA defines the "[c]ourse and scope of employment" as "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer."

*City of Corpus Christi v. Muller*, No. 13-18-00443-CV, 2019 WL 2384162, at *2 (Tex. App.—Corpus Christi–Edinburg Jun. 6, 2019, no pet.) (alteration in original) (mem. op.) (quoting TEX. LAB. CODE ANN. § 401.011(12)). "The term includes an activity conducted on the premises of the employer or at other locations." TEX. LAB. CODE ANN. § 401.011(12).

The parties dispute whether Barker was in the course and scope of her employment when she suffered her injuries. If she was within the course and scope of her employment, then the exclusive remedy provision of the TWCA barred Barker's common-law claims, and the City's immunity was not waived. *See City of Bellaire*, 400 S.W.3d at 924; *see also* TEX. LAB. CODE ANN. § 408.001(a). If she was not within the course and scope of her employment, the TTCA waived the City's immunity because Barker suffered injuries as a result of an accident involving a motor vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. 101.021; *City of Bellaire*, 400 S.W.3d at 924.

8

Employees injured while going to or from work are generally considered not to be in the course of employment for the purposes of workers' compensation. *Tex. Comp. Ins. Co. v. Matthews*, 519 S.W.2d 630, 631 (Tex. 1974). That said, the course and scope of an employee's employment is not limited to the employee's working hours or the place where the work is performed. *See Tex. Workers' Comp. Ins. Fund v. Rodriguez*, 953 S.W.2d 765, 768 (Tex. App.—Corpus Christi–Edinburg 1997, pet. denied) (citing *Deatherage v. Int'l Ins. Co.*, 615 S.W.2d 181, 183 (Tex. 1981)). For example, in *Rodriguez*, an employee was found to be "in the course and scope of his employment" when, during a scheduled, ten-minute break, he was injured while playing football with his coworkers. *Rodriguez*, 953 S.W.2d at 768.

Similarly, under the rule known as the "access doctrine," the course and scope of employment includes:

> not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance.

*Tex. Emp. Ins. Ass'n v. Lee*, 596 S.W.2d 942, 943 (Tex. App.—Waco 1980, no writ).

Courts have applied the access doctrine to find that an employee was injured in the course of employment when her accident occurred on or about the employer's premises while she was either going to or coming from work. In *Dickson v. Silva*, the plaintiff clocked out for lunch and drove his motorcycle through his employer's entrance and exit driveway where he collided with an employer-owned truck, which was being driven in the course and scope of

9

employment by another company employee. *Dickson v. Silva*, 880 S.W.2d 785, 786 (Tex. App.—Houston [1st Dist.] 1993, writ denied). The plaintiff received workers' compensation benefits but subsequently filed a negligence claim against the employee driver and his employer. *Id.* The court of appeals upheld the trial court's grant of summary judgment in favor of the employer, holding that the access doctrine placed the plaintiff in the course and scope of his employment and barred his claim under the TWCA's exclusive remedy provision.[2] *See also Bordwine v. Tex. Emp.s' Ins. Ass'n*, 761 S.W.2d 117, 120 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (holding that an employee was injured in the course of employment when she stepped out of her car parked in an employee parking lot); *Tex. Emp.s' Ins. Ass'n v. Lee*, 596 S.W.2d 942, 947 (Tex. App.—Waco 1980, no writ) (holding that an employee was injured in the course of employment when his accident occurred shortly after work while he was preparing to leave in his vehicle from his employer's work site); *Tex. Emp.s' Ins. Ass'n v. Dean*, 604 S.W.2d 346, 349–50 (Tex. App.—El Paso 1980, no writ) (holding that an employee, who was assaulted in her employer's parking lot, was in the course of employment); *Aetna Life Ins. Co. v. Woods*, 449 S.W.2d 86, 88 (Tex. App.—Fort Worth 1969, writ ref'd n.r.e.) (holding that an employee, who collided with another car on her employer's premises when she was leaving work to go home, was in the course of her employment).

Here, the relevant facts are undisputed. After teaching a 9:00 a.m. class in SHSU Building AB4, Barker left the building a few minutes later and walked toward the parking lot

---

[2]At the time *Dickson* was decided, the exclusive remedy provision was codified under former Article 8306 of the Texas Revised Civil Statutes. *See* Act of May 5, 1983, 68th Leg., R.S., ch. 131, § 1, 1983 Tex. Gen. Laws 613, 613 (repealed 1989).

10

where she had parked her car that morning. Barker testified that she was going to move her car to a different parking lot and that she was going to run an errand and eat lunch before her next class, which was about two hours later. As she was crossing the street directly outside the building, she was struck by the truck and injured. Testimony indicated that the portion of Avenue I directly outside of Building AB4 where Barker was injured was owned and maintained by SHSU but that the street was open to public use. Barker later applied for and received workers' compensation benefits.

Viewing the facts in the light most favorable to Barker, as we must, we find that she was within the course and scope of her employment at the time of her injury. Although Barker, a salaried employee, was going to lunch or running an errand and was not "on the Company's clock" at the time she was walking to her car in the SHSU parking lot, her actions and the collision were so closely connected with her employment as to render it an incident thereto. *See Dickson*, 880 S.W.2d at 786. Moreover, the portion of Avenue I where she was injured was on SHSU's premises. Even if SHSU did not own the roadway, being within the campus, directly outside of Building AB4, it was in such proximity and relation as to be in practical effect a part of SHSU's premises. *See Lee*, 596 S.W.2d at 943 (Tex. App.—Waco 1980, no writ).

Based on the foregoing, we find that SHSU, were it a private person, would not be liable to Barker because she suffered work-related injuries in the course and scope of her employment. As a result, workers' compensation is her exclusive remedy and her common-law action for damages is barred by the TWCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); TEX. LAB. CODE ANN. § 401.011(12), 408.001(a). Accordingly, the TTCA does not apply to waive

11

SHSU's sovereign immunity, the trial court properly granted SHSU's plea to the jurisdiction, and we overrule this point of error. *See City of Bellaire*, 400 S.W.3d at 924.

Having found one valid ground for granting the plea to the jurisdiction, we need not address Barker's challenge to the remaining grounds. *See Kownslar v. City of Houston*, 654 S.W.3d 472, 480 (Tex. App.—Houston [14th Dist.] 2022, pet. filed) (we must affirm if any of the independent grounds in the jurisdictional plea has merit).

## V.      Conclusion

We affirm the trial court's judgment.


                                        Scott E. Stevens
                                        Chief Justice


Date Submitted:      March 21, 2023
Date Decided:        June 22, 2023


12