

# NUMBER 13-22-00040-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE CITY OF CORPUS
CHRISTI, TEXAS                                                              Appellant,

v.

AUDREY NICKERSON,                                                          Appellee.

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

Appellant the City of Corpus Christi, Texas (the City) challenges the trial court's denial of its plea to the jurisdiction seeking to dismiss appellee Audrey Nickerson's negligence suit. Nickerson, an employee with the City, filed suit against the City after she was struck in the back with a John Deere tractor front loader bucket, which was being

operated by a coworker while they were both in the course and scope of their employment with the City. By a single consolidated issue, the City argues that Nickerson failed to establish a waiver of the City's immunity because Nickerson's claims are barred under the Texas Workers Compensation Act (TWCA). *See* TEX. GOV'T CODE ANN. § 311.034; TEX. CIV. PRAC. & REM. CODE ANN. § 101.054. We reverse and render.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

Subject matter jurisdiction is essential to a court's authority to decide a case. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 331 (Tex. 2020) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over a plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same protections for political subdivisions of the State, including municipalities. *Id.*; *see City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022); *Tex. Dep't of Fam. & Protective Servs. v. Parra*, 503 S.W.3d 646, 660 (Tex. App.—El Paso 2016, pet. denied).

To prevail on an assertion of governmental immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a plea to the

2

jurisdiction challenges jurisdictional facts, our review mirrors that of a traditional summary judgment motion. *Maspero*, 640 S.W.3d at 528 (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012))*.* To that end, "all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see Maspero*, 640 S.W.3d at 528–29 ("[W]e take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor."). "A genuine issue exists if 'the evidence is such that a reasonable jury could find that fact in favor of the non-moving party.'" *Smith v. Mosbacker*, 94 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (quoting *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied)). "Material facts are those facts which 'affect the outcome of the suit under the governing law.'" *Id.* (quoting *Moore*, 981 S.W.2d at 269). If "the pleadings and evidence generate a 'fact question on jurisdiction,' dismissal on a plea to the jurisdiction is improper," and the fact issue will be resolved at trial by the factfinder. *Maspero*, 640 S.W.3d at 529 (citing *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam)). "However, 'if the evidence is undisputed or fails to raise a fact question,' the plea must be granted." *Id.* (quoting *Hayes*, 327 S.W.3d at 116).

"In certain circumstances, the [Texas Torts Claims Act (TTCA)] waives the immunity that would otherwise bar suit against a governmental unit and an employee sued in his official capacity." *Molina v. Alvarado*, 463 S.W.3d 867, 870 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025. Specifically, § 101.021 of the TTCA

3

establishes the requirements for holding a governmental unit liable for an employee's negligent use or operation of a motor-driven vehicle or motor-driven equipment. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1). As relevant here, "[c]ourts have held that a motor-driven backhoe qualifies as 'motor-driven equipment' allowing for the application of the limited exception to immunity provided by the TTCA." *City of Monahans v. Sw. Bell Tel. Co.*, 656 S.W.3d 738, 748 (Tex. App.—El Paso 2022, no pet.); *see also City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 679 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (mem. op.) (concluding the city's use of "backhoes" constituted use of motor-driven equipment under the TTCA).

Governmental immunity otherwise waived by the TTCA, however, remains subject to the applicability of the TWCA. Under the TWCA, "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . for . . . a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a); *see Wausau Underwriters Ins. Co. v. Wedel*, 557 S.W.3d 554, 556 (Tex. 2018); *City of Bellaire v. Johnson*, 400 S.W.3d 922, 922 (Tex. 2013) (per curiam); *see also City of Dallas v. Salyer*, No. 05-12-00701-CV, 2013 WL 3355027, at *2–3 (Tex. App.—Dallas July 1, 2013, no pet.) (mem. op.). "Therefore, if a governmental unit is immune from liability by having provided workers' compensation, it is likewise immune from suit." *Jefferson County v. Farris*, 569 S.W.3d 814, 823 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (per curiam) (citing *Johnson*, 400 S.W.3d at 924); *see Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 555 (Tex. 2022) ("The TWCA provides that recovery of workers' compensation benefits is a covered employee's

4

exclusive remedy against his employer and co-employees for work-related injury."); *see also Mariscal v. McCarthy Bldg. Cos., Inc.*, No. 13-19-00211-CV, 2021 WL 1133608, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 25, 2021, pet. denied) (mem. op.) ("[I]f an employer subscribes to workers' compensation insurance benefits, and is then sued by a covered employee, the employer may 'assert the statutory exclusive remedy defense against the tort claims of its employees for job related injuries' and generally cannot be held liable in tort for those injuries." (quoting *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 350 (Tex. 2009))). "But an employee may still seek damages from a liable third party in addition to receiving workers'-compensation benefits." *Wedel*, 557 S.W.3d at 556.

## II.    DISCUSSION

It is undisputed that the City is a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Additionally, the pleadings and evidence show that Nickerson was injured by a coworker operating motor-driven equipment in the course and scope of his employment. *See id.* As a result, Nickerson's claim meets the first two requirements of § 101.021 of the TTCA. *See id.* § 101.021(1), (A). Even so, the City contends that its immunity is not waived because it cannot be liable to Nickerson since she received worker's compensation benefits pursuant to the TWCA.[1] *See* TEX. LAB. CODE ANN. § 408.001(a). Thus, the City argues, TWCA's exclusive remedies provision bars the governmental immunity waiver otherwise afforded by the TTCA, and Nickerson's suit must be dismissed. *See id.* Nickerson meanwhile asserts that the City has improperly

---

[1] The parties do not dispute that Nickerson claimed and received worker's compensation benefits.

5

affixed its TWCA exclusive remedy argument to its plea to the jurisdiction when the appropriate vehicle is an affirmative defense-based summary judgment motion.

The question of whether TWCA's exclusive remedy provision can be addressed in a municipality's plea to a jurisdiction has already been resolved by this Court. In *City of Corpus Christi v. Muller*, we reviewed the interplay between the TTCA and TWCA on an appeal of the trial court's denial of the City's plea to the jurisdiction. No. 13-18-00443-CV, 2019 WL 2384162, at *2 (Tex. App.—Corpus Christi–Edinburg June 6, 2019, no pet.) (mem. op.). We concluded that if the TWCA applies, it acts as a bar to the waiver of the City's immunity under the TTCA. *Id.*; *see Johnson*, 400 S.W.3d at 924 (providing that suit for injury from the operation of a motor-driven vehicle would have waived sovereign immunity but for the exclusive remedy bar provided by the TWCA). In accordance with *Muller*, we conclude that because Nickerson received workers' compensation insurance coverage for a work-related injury she sustained, the TWCA applies in this instance—barring waiver of the City's immunity under the TTCA. *See Johnson*, 400 S.W.3d at 924; *Farris*, 569 S.W.3d at 823; *see also Muller*, 2019 WL 2384162, at *2. Therefore, the trial court erred in denying the City's plea to the jurisdiction on this basis.

Alternatively, Nickerson advocates for the application of Political Subdivision Law, codified under Chapter 504 of the Texas Labor Code, as an independent avenue for waiver of the City's immunity. Specifically, Nickerson argues "[w]orkers' compensation provisions enumerated under § 504.002 that are inconsistent with Ch[apter] 504 are excluded from and given no effect for tort claims actions brought by governmental unit employees, including § 408.001." However, the supreme court has unequivocally held

6

that nothing in Chapter 504 "waives sovereign immunity or creates a new cause of action." *Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 530 (Tex. 2012) (noting that Political Subdivisions Law is "too internally inconsistent" to satisfy the requirement that a waiver of governmental immunity must be clear and unambiguous to be upheld); *see* TEX. LAB. CODE ANN. § 504.053; *Parra*, 503 S.W.3d at 657 n.9 (observing that the Texas Supreme Court has already determined whether a waiver of immunity exists independently under Political Subdivision Law and held that the existence of § 504.053(e) prohibits such interpretation); *Ellis v. Dall. Area Rapid Transit*, No. 05-18-00521-CV, 2019 WL 1146711, at *3 (Tex. App.—Dallas Mar. 13, 2019, pet. denied) (mem. op.) (observing that amendments under Political Subdivision Law have yet to "alter the express directive found in [§] 504.053(e), that '[n]othing in this chapter waives sovereign immunity or creates a new cause of action'"); *Dep't of Aging & Disability Servs. v. Powell*, No. 13-10-00126-CV, 2011 WL 2090247, at *3 (Tex. App.—Corpus Christi–Edinburg May 26, 2011, pet. denied) (mem. op.) (observing the same).

After reviewing the pleadings, the City's plea to the jurisdiction, and the evidence submitted therewith, we conclude that the City has shown that the trial court lacked subject-matter jurisdiction. We sustain the City's sole issue.

### III. CONCLUSION

We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Nickerson's claims against the City for want of jurisdiction.

7

CLARISSA SILVA
Justice

Delivered and filed on the
4th day of January, 2024.